BARKER v. STRAFFORD Co. SAVINGS BANK.

BARKER v. NORWAY PLAINS SAVINGS BANK.

The statute limiting the time within which actions may be brought to recover the penalty for receiving usurious interest runs from the time when the usury is received.

It is no defence to such an action that there was no contract for the payment of usurious interest, and that it was voluntarily paid: the offence consists in receiving it.

DEBT, for a penalty.

*Geo. N. Eastman*, for the plaintiff.

*A. R. Hatch* and *Worcester & Gaffney*, for the defendants.

CARPENTER, J. These are actions to recover the penalty for receiving usurious interest, under Gen. Laws, c. 232, s. 3, which provides that "If any person, upon any contract, receives interest at a higher rate than six per cent., he shall forfeit three times the sum so received in excess of six per cent., to the person aggrieved who will sue therefor." The defendants in each case received of

the plaintiff usurious interest upon the same debt or contract, upon one occasion less than a year, and upon several occasions more than a year, prior to the date of the writ. The principal question is, whether the plaintiff's action, in so far as it relates to the latter instances, is barred by the statute of limitations (G. L., *c.* 266, *s.* 10), which provides that "All suits or prosecutions founded upon any penal statute, which are wholly or in part for the use of the prosecutor, shall be brought within one year * * * after the commission of the offence, unless otherwise specially provided."

The plaintiff contends, that inasmuch as "the entire offence of receiving usurious interest at different times (previous to the commencement of legal proceedings) upon the same contract constitutes but one cause of action, and cannot be split into different suits, nor into separate counts of the same suit" (*Kempton* v. *Savings Institution*, 53 N. H. 581), the commission of the offence was not complete, and a cause of action for the penalty did not accrue to him until the reception of unlawful interest last before the date of his writ, and that the statute of limitations did not begin to run until that time. Although the several receipts of illegal interest prior to the commencement of the suit constitute only one entire offence and but one cause of action, it does not therefore follow that the first and each subsequent taking of such interest was not a complete offence at the time for which the plaintiff might then have brought his action. A decision, that but one suit could be brought to recover several instalments due and payable upon a promissory note or numerous items of account, and that separate actions for the recovery of each instalment and each item could not be maintained, would not be a decision that the plaintiff could not have sued for and recovered each instalment and each item immediately after it fell due, or that the statute of limitations did not run against them from the time they severally became due. It was held, in the case above cited, that one action only will lie to recover the penalty for receiving usurious interest on the same contract at different times prior to the bringing of a suit, mainly upon the ground that the legislature could never have intended that any one should be harassed by numerous suits where only one suit is necessary. No intimation is to be found in that case that a judgment in such suit would be a bar to an action brought to recover the penalty for afterwards receiving usurious interest upon the same contract, or that the first as well as each subsequent reception of illegal interest was not the commission of an offence for which an action might have been brought immediately thereafter. On the contrary, the court distinctly say "It is certain that an offence is committed and a penalty incurred when the first illegal payment is received." An offence against the law is committed at the time when the act forbidden by law is done; and the statute is explicit that an action for this offence shall be brought within one year after that time.

The contract mentioned in the statute is not the contract to pay and receive the excessive interest, as the defendant contends, but the contract upon which the interest is received.    It is immaterial that there is no contract to pay and receive illegal interest, and that it is voluntarily paid: the offence consists in receiving it.

*Judgment for the plaintiff.*

ALLEN and CLARK, JJ., did not sit: the others concurred.